CHARLES M. PUGH et al., as Board of County Commissioners of Dunn County, et al., Respondents, v. C. J. HEMPFTLING, as County Auditor of said County, Appellant.

(179 N. W. 706.)

**Counties — mandamus — in proceedings to remove county seat it is for commissioners, and not court, to pass on petition; mandamus not issued to compel county commissioners to reverse their decision against sufficiency of petition for removal of county seat.**

In proceedings for the removal of a county seat, it is for the county commissioners, and not the court, to pass on the sufficiency of the petition for removal. When the county commissioners decide against the sufficiency of a petition, the court may not, by mandamus or otherwise, compel them to undo or reverse their decision. It may not appoint a special commission to act in place of the county commissioners.

Opinion filed November 5, 1920.

Appeal from an order of the District Court of Dunn County, Honorable *W. C. Crawford*, Judge.

Affirmed.

*T. H. H. Thoreson* and *C. F. Kelsch*, for appellant.

*W. F. Burnett, C. H. Starke*, and *T. F. Murtha*, for respondents.

ROBINSON, J. This is an appeal by the county auditor of Dunn county from an order made by the court on October 13, 1920, restraining him from publishing and posting notices of election upon the question of the removal of the county seat from the city of Manning to Dunn Center, and from printing and distributing the necessary ballots for submitting the question to the voters.

On June 30, 1920, there was a void election held for the removal of the county seat. Appellant seems to consider that it was a valid election, and he avers that the court erred by not holding that the submission of the question of the removal of the county seat at the primary election was simply a contest to eliminate all but two contending towns, and that as the towns of Manning and Dunn Center received the highest number of votes, those two towns should be placed on the ballot at the next general election, pursuant to chap. 102, Laws 1917.

But on appeal by the county commissioners of Dunn county, the court has just held that at the primary election there was no valid submission of the county-seat question, because it was not submitted in accordance with an order or resolution of the county commissioners, and because the commissioners had decided against the removal petitions. And as the primary election was null and void, it serves no purpose in legal effect. It is a mere nullity, all of which more fully appears by our decision of this day in case of Bailey v. Pugh, 45 N. D. 130, 179 N. W. 705.

Affirmed, without costs, and case remanded forthwith.

CHRISTIANSON, Ch. J., and BIRDZELL and GRACE, JJ., concur.

BRONSON, J. I concur in the result.